The Honorable Jamal Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSHUA A. DIEMERT, an individual,

        Plaintiff,

   v.

THE CITY OF SEATTLE, a municipal corporation,

        Defendant.

No. 2:22-CV-01640-JNW

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26(f), Local Civil Rule 26(f), and the Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. #15), Defendant the City of Seattle and Plaintiff Joshua A. Diemert hereby submit this Joint Status Report and Discovery Plan.

**1.      Nature and Complexity of the Case**

This is a single-plaintiff race discrimination, hostile work environment, and retaliation case based on federal and state law arising from Mr. Diemert's employment with the City of Seattle. Mr. Diemert asserts Defendant violated his rights under the Equal Protection Clause of the Fourteenth Amendment and discriminated against him under Title VII of the Civil Rights Act and under the Washington Law Against Discrimination when it subjected him to a hostile work environment and disparate treatment because of his race, retaliated against him when he reported the discrimination and constructively discharged him from employment.  Defendant denies Mr. Diemert's claims and has moved to dismiss his complaint. Mr. Diemert has filed an opposition in

JOINT STATUS REPORT AND DISCOVERY PLAN - 1
(Case 2:22-CV-01640- JNW)
4875-5436-8340v.2 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

response. The parties filed a stipulated motion to dismiss Mayor Bruce Harrell, which this Court granted.

**2.      Deadline for Joining Additional Parties**

The parties do not anticipate joining any additional parties, but propose that this Court set the deadline shortly after it has the opportunity to rule on the pending motion to dismiss.

**3.      Consent to Assignment of Magistrate Judge to Conduct All Proceedings.**

No.

**4.      Proposed Discovery Plan**

(A)     <u>Initial Disclosures</u>.

The discovery planning conference under Fed. R. Civ. P. 26(f) was held on March 1, 2023. The parties exchanged initial disclosures under Fed. R. Civ. P. 26(a)(1) on March 24, 2023.

(B)     <u>Subjects, Timing and Phasing of Discovery</u>.

The parties intend to conduct discovery into the factual bases for Plaintiff's causes of action and Defendant's defenses. The parties will conduct discovery according to the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, and this Court's Standing Order For All Civil Cases. The parties anticipate working cooperatively with respect to any discovery that may be needed or conducted. The parties foresee no need to phase motions. The parties do not believe this action should be bifurcated.

(C)     <u>Electronically Stored Information</u>. The parties anticipate that this case will involve discovery of electronically stored information, including e-mails and social-media accounts and data. The parties will preserve potentially discoverable ESI and will work cooperatively to produce ESI in an accessible format.

(D)     <u>Privilege Issues</u>. The parties will comply with applicable law regarding claims of privilege or confidentiality. At this time, the parties do not anticipate any unusual privilege issues. Each party will disclose responsive documents withheld from discovery on the basis of privilege in a privilege log. The log shall contain sufficient information to permit the other

JOINT STATUS REPORT AND DISCOVERY PLAN - 2
(Case 2:22-CV-01640- JNW)
4875-5436-8340v.2 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

parties to reasonably determine the likely validity of the privilege claimed. In the interest of avoiding undue burden, however, the parties agree that privilege logs need not include correspondence between attorneys and their clients, or correspondence between counsel for the defendant. The parties agree that the inadvertent production of documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other privilege will not waive such documents' privileged and protected status, and that the notice procedure in FRCP 26(b)(5)(B) for such inadvertent production shall apply.

    (E)    <u>Limitations on Discovery</u>.

        (1)    <u>Depositions</u>. Plaintiff anticipates at this time that he may require more than the federal rule's presumptive limit of ten (10) depositions, given the complexity of the fact-intensive nature of this case. Defendant does not agree that the complexity of this case warrants depositions in excess of the rules. The parties agree to work cooperatively to resolve any disputes related to discovery before involving the Court.

        (2)    <u>Written Interrogatories</u>. The parties anticipate the limitations on the number of interrogatories are appropriate in this case, and they will work together to reach mutual agreement in the event more are deemed necessary by a party, and to bring the matter to the Court only if agreement cannot be reached.

    (F)    <u>Additional Discovery Orders</u>.

        (1)    The parties intend to request entry of a stipulated protective order governing discovery and use of confidential information.

**5.**    **Parties' Views, Proposals, and Agreements Regarding LCR 26(f)(1)**

    (A)    <u>Prompt Case Resolution</u>. The parties do not believe this case is amenable to early resolution.

    (B)    <u>Alternative Dispute Resolution</u>. The parties agree to engage in alternative dispute resolution efforts as appropriate pending discovery and pending rulings on current and anticipated dispositive motions.

    (C)    <u>Related Cases</u>. There are no related cases.

JOINT STATUS REPORT AND DISCOVERY PLAN - 3
(Case 2:22-CV-01640- JNW)
4875-5436-8340v.2 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

     (D)    <u>Discovery Management</u>.  Discovery will be managed as described in Section 4 above.

     (E)    <u>Anticipated Discovery Sought</u>.  See Section 4(B), (E), and (F) above.

     (F)    <u>Phasing Motion</u>.  The parties do not anticipate a need for the phasing of motions.

     (G)    <u>Preservation of Discoverable Information</u>.  The parties will use reasonable efforts to preserve any known, relevant, active ESI and hard copy records within their possession, custody, or control.  The parties will comply with the Federal Rules of Civil Procedure and this Court's Local Civil Rules pertaining to discovery and the preservation of discoverable information.

     (H)    <u>Privilege Issues</u>.  The parties agree that privilege issues will be handled as provided in FRCP 26(b)(5).

     (I)    <u>Model Protocol for Discovery of ESI</u>.  The parties do not anticipate the need for significant production of ESI.  The parties reserve the right to consider the propriety of using the Court's Model Protocol for Discovery of ESI, if electronic discovery should be necessary.

**6. Bifurcation**

The parties agree that the case should not be bifurcated.

**7. Pretrial Statement/Pretrial Order**

The parties do not believe pretrial statements and a pretrial order should be dispensed of in whole or in part.

**8. Individualized Trial Program/ADR**

The parties do not intend to participate in the Individualized Trial Program and have not yet engaged in settlement discussions.

**9. Suggestions for Shortening/Simplifying the Case**

The parties have no other suggestions for shortening or simplifying the case at this time.

**10. Trial Date**

The parties propose a trial date be set within the time frame of March 2024, or at such other time thereafter that is available on the Court's calendar.

JOINT STATUS REPORT AND DISCOVERY PLAN - 4
(Case 2:22-CV-01640- JNW)
4875-5436-8340v.2 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**11.    Jury Trial**

Mr. Diemert requests a jury trial. Defendant's deadline to demand a jury trial has not yet passed.

**12.    Trial Days**

The parties expect this case will require approximately 8 trial days, not including jury selection.

**13.    Trial Counsel**

<u>**For Plaintiff**</u>:

Brian T. Hodges, WSBA #31976
1425 Broadway, Suite 429
Seattle, WA  98122
Telephone:  425.576.0484
Email:  bhodges@pacificlegal.org

Laura M. D'Agostino, Virginia Bar #91556
3100 Clarendon Boulevard, Suite 1000
Arlington, VA  22201
Telephone:  916.503.9010
Email:  ldagostino@pacificlegal.org

Andrew R. Quinio, California Bar #288101
555 Capitol Mall, Suite 1290
Sacramento, CA  95814
Telephone: 916.419.7111
Email:  aquinio@pacificlegal.org

<u>**For Defendant:**</u>

Sheehan Sullivan, WSBA #33189
Victoria M. Slade, WSBA 44597
Darrah N. Hinton, WSBA #53542
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone:  206.622.3150
Fax:  206.757.7700
Email:  sulls@dwt.com
Email:  vickyslade@dwt.com
Email:  darrahhinton@dwt.com

///

///

JOINT STATUS REPORT AND DISCOVERY PLAN - 5
(Case 2:22-CV-01640- JNW)
4875-5436-8340v.2 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**14. Trial Date Complications**

At this time, the parties do not have any conflicts with a March 2024 trial date.

**15. Service**

Defendant the City of Seattle has been served.  Plaintiff has agreed to dismiss Defendant Mayor Bruce Harrell from this case.

**16. Scheduling Conference**

The parties do not believe that a scheduling conference prior to the entry of a scheduling order in this case is necessary.

**17. Corporate Disclosure Statement**

Not applicable.  Defendant City of Seattle is a governmental agency.

SUBMITTED this 7th day of April, 2023.

| | |
|---|---|
| **PACIFIC LEGAL FOUNDATION**<br>*Attorneys for Plaintiff Joshua A. Diemert*<br><br>*Electronic signature added per email authority on April 7, 2023:*<br>By    */s/ Laura M. D'Agostino*<br><br>Brian T. Hodges, WSBA #31976<br>1425 Broadway, Suite 429<br>Seattle, WA  98122<br>Telephone:  425.576.0484<br>Email:  bhodges@pacificlegal.org<br><br>Laura M. D'Agostino<br>Virginia Bar #91556<br>*Admitted Pro Hac Vice*<br>3100 Clarendon Boulevard, Suite 1000<br>Arlington, VA  22201<br>Telephone:  916.503.9010<br>Email:  ldagostino@pacificlegal.org<br><br>Andrew R. Quinio<br>California Bar #288101<br>*Admitted Pro Hac Vice*<br>555 Capitol Mall, Suite 1290<br>Sacramento, CA  95814<br>Telephone:  916.419.7111<br>Email:  aquinio@pacificlegal.org | **DAVIS WRIGHT TREMAINE LLP**<br>*Attorneys for Defendant The City of Seattle*<br><br><br>By    */s/ Darrah N. Hinton*<br><br>Sheehan Sullivan, WSBA #33189<br>Victoria M. Slade, WSBA 44597<br>Darrah N. Hinton, WSBA #53542<br>920 Fifth Avenue, Suite 3300<br>Seattle, WA  98104-1610<br>Telephone:  206.622.3150<br>Fax:  206.757.7700<br>Email: sulls@dwt.com<br>Email: vickyslade@dwt.com<br>Email: darrahhinton@dwt.com |

JOINT STATUS REPORT AND DISCOVERY PLAN - 6
(Case 2:22-CV-01640- JNW)
4875-5436-8340v.2 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax