UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101

**JAMAL N. WHITEHEAD**  (206) 370-8700
DISTRICT JUDGE

November 20, 2023

**Delivered Via CM/ECF**

RE:  *Diemert v. City of Seattle et al.*, No. 2:22-cv-1640
     Stipulated Protective Order

Dear Counsel:

On November 13, 2023, the Court received your proposed Stipulated Protective Order. Dkt. No. 32. You provided a redlined version identifying departures from this District's model protective order on November 15, 2023.

Under Fed. R. Civ. P. 26(c), protective orders may be entered to protect confidential business information or to limit the scope of specific disclosures. The Court may issue a protective order if the parties show good cause. Although the parties may agree on confidentiality among themselves, when they request that the Court be involved, the proposed order must be narrowly drawn, identifying both the type of information that is to be protected and, if not obvious, the justification for the protection.

The stipulated protective order submitted here includes a problematic process for settling disputes over the City of Seattle's obligations under the Washington Public Records Act (PRA), RCW 42.56 *et seq*. *See* Dkt. No. 32 at 10-12. The proposed order states:

> The City shall not produce in response to a [PRA] request a document that has been designated . . . "Confidential" or "Confidential—Attorneys' Eyes Only" under this Protective Order . . . [but] the City may file a motion with this Court seeking permission to provide those documents to the Requestor . . . .

*Id*. at 11, ¶ 8(c).

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101

The proposed order also states:

> This Stipulated Protective Order shall survive the final conclusion of this Action and continue in full force and effect, and the Court shall retain jurisdiction to enforce this Stipulated Protective Order. Moreover, the confidentiality obligations imposed by this Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

*Id.* ¶ 11.

The Court will not enter an order that purports to extend the Court's jurisdiction in perpetuity over the City's PRA obligations or that displaces or alters the PRA's statutory design. *See* RCW 42.56.540, .550(1). The parties' stipulated protective order will remain in the record but will not be entered. The parties may submit a revised proposed order addressing the issues identified in this letter.

Sincerely,

Jamal N. Whitehead
United States District Judge