The Honorable Jamal Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSHUA A. DIEMERT, an individual,

    Plaintiff,

    v.

THE CITY OF SEATTLE, a municipal corporation,

    Defendant.

No. 2:22-CV-01640-JNW

**STIPULATED PROTECTIVE ORDER**

Noting Date: November 27, 2023

## STIPULATION

**1.   PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, and/or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order" and/or "agreement"). The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential or information identified for "Attorneys' Eyes Only" under seal.

///

///

## 2. "CONFIDENTIAL" AND "CONFIDENTIAL—ATTORNEYS' EYES ONLY" MATERIAL

A party may designate as "Confidential" any document or any portion of a document and any other thing, material, testimony, or information that it reasonably and in good faith believes contains or reflects the following confidential information that it desires not to be made public: (a) trade secret or other confidential research, development, or commercial information that is entitled to protection under Fed. R. Civ. P. 26; (b) third-party personnel information; (c) personnel information of third-party trainers; (d) names and personal information of witnesses or potential witnesses; (e) plaintiff's medical records; and (f) other sensitive personal information, the release of which could result in a violation of personal privacy interests.

A party may designate as "Confidential—Attorneys' Eyes Only" any document or portion of a document and any other thing, material, testimony, or information that it reasonably and in good faith believes satisfies each of the following conditions: (a) it contains a trade secret or other confidential research, development, or commercial information that is entitled to protection under Fed. R. Civ. P. 26(c); (b) it contains either (i) the party's trade secrets of a technical nature, such as information relating to valuable product formulas, manufacturing methods, designs, drawings, research data or product development plans, the release of which will produce a private gain and a public loss, or (ii) confidential and highly sensitive business information or financial information, the release of which will produce a private gain and a public loss; and (c) disclosure of the document, thing, material, testimony, or information to the representatives of the receiving party to whom "Confidential" material may be disclosed would be reasonably likely to put the producing party at a competitive disadvantage in a manner that likely could not be prevented by designating the material "Confidential" under this Protective Order.

## 3. SCOPE

The protections conferred by this Protective Order cover not only "Confidential" and "Confidential—Attorneys' Eyes Only" material (as defined above), but also (a) any information

copied or extracted from confidential material; (b) all copies, excerpts, summaries, or compilations of confidential material; and (c) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**4.     ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

4.1     Basic Principles.  A receiving party may use Confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement.  Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose "Confidential" material only to:

(a)     Outside counsel of record in this action, as well as employees of outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     The officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c)     Independent consultants and expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     The Court, the Court's personnel, and court reporters and their staff;

(e)     Any court reporter or videographer reporting a deposition;

///

(f) Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action;

(g) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; and

(h) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 **Disclosure of "CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose "Confidential—Attorneys' Eyes Only" material only to:

(a) Outside Counsel of record in this action, as well as employees of outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

(b) In-house counsel for the parties, and the administrative staff for each in-house counsel;

(c) Independent consultants and expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The Court, the Court's personnel, and court reporters and their staff;

(e) Any court reporter or videographer reporting a deposition;

///
///

STIPULATED PROTECTIVE ORDER - 4
(Case 2:22-CV-01640-JNW)
4866-4954-9971v.2 0002348-000031

(f)     Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action; and

(g)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.4     Whenever information designated as "Confidential" or "Confidential—Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pretrial proceeding, the designating party may exclude from the room any person, other than the persons designated above, as appropriate, for that portion of the deposition, hearing or pretrial proceeding.

4.5     <u>Filing Confidential Material</u>.  Before filing Confidential material or discussing or referencing such material in Court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the "Confidential" or "Confidential—Attorneys' Eyes Only" designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  During the meet and confer process, the designating party must identify the basis for sealing the specific Confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.  Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

## 5. DESIGNATING PROTECTED MATERIAL

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each party or non-party that designates information or items for protection under this Protective Order must

take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2  **Manner and Timing of Designations**.  Except as otherwise provided in this Protective Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Protective Order must be clearly so designated before or when the material is disclosed or produced. Except as provided in paragraph 5.2(d) below, no party may designate as "Confidential" or "Confidential—Attorneys' Eyes Only" any materials or information disclosed or produced by a third party with lawful possession of such materials or information.

(a)  **Information in documentary form** (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the words "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" to each page that contains "Confidential" or "Confidential—Attorneys' Eyes Only" material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)  **Testimony given in deposition or in other pretrial proceedings**, the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fourteen (14) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of

the transcript, or exhibits thereto, as "Confidential" or "Confidential—Attorneys' Eyes Only." If a party or non-party desires to protect "Confidential" or "Confidential—Attorneys' Eyes Only" information at trial, the issue should be addressed during the pre-trial conference.

    (c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the tangible item or container or containers in which the item is stored the words "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY." If only a portion or portions of the item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

    (d) <u>Documents obtained from a third party via subpoena</u>: the party receiving documents pursuant to a subpoena served on a third party shall treat all of the received documents as "Confidential" under the terms of this Protective Order until fourteen (14) days after delivering copies of the obtained documents to opposing counsel. During that 14-day time period, any party may review and designate some or all of the documents as "Confidential" or "Confidential—Attorneys' Eyes Only" under the terms of this Protective Order by providing written/e-mailed notice of the specific documents/information the party is designating as "Confidential" or "Confidential—Attorneys' Eyes Only." The parties will then affix the word "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" to each page and copy that contains "confidential" or "confidential—attorneys' eyes only" material. If a designation is not made within the fourteen (14) days described above, then the documents obtained via subpoena will be subject to or protected by the terms of this Protective Order only to the extent that the third party producing the documents pursuant to a subpoena has designated them "Confidential" or "Confidential—Attorneys' Eyes Only."

  5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Protective Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

      6.1     <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of "Confidential" or "Confidential—Attorneys' Eyes Only" at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2     <u>Meet and Confer</u>.  The parties must make a good faith attempt to resolve any dispute regarding "Confidential" or "Confidential—Attorneys' Eyes Only" designations without Court involvement.  Any motion regarding "Confidential" or "Attorneys' Eyes Only" designations or for any additional protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith effort to meet and confer with other affected parties in an effort to resolve the dispute without Court action.  The certification must list the date, manner, and participants to the conference.  A good faith effort to confer may include substantive email correspondence regarding the issue, a face-to-face meeting, or a telephone conference.

      6.3     <u>Judicial Intervention</u>.  If the parties cannot resolve a challenge without Court intervention, the designating party may file and serve a motion to retain "Confidential" or "Confidential—Attorneys' Eyes Only" designation under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).  The designating party must file such a motion within fourteen (14) days of notice from the party challenging the designation that the parties' good faith effort to resolve the dispute without Court involvement has been unsuccessful.  The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to maintain the material in question as "Confidential" or as "Confidential—Attorneys' Eyes Only" until the Court rules on the challenge.

7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a Court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," that party must:

(a) Promptly notify the designating party in writing and include a copy of the subpoena or Court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed "Confidential" or "Confidential—Attorneys' Eyes Only" material to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the protected material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement; and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

**10.    NON-TERMINATION AND RETURN OF DOCUMENTS**

Within sixty (60) days after the termination of this action, including all appeals, each receiving party must return all Confidential material to the producing party, including all copies, extracts, and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

SUBMITTED this 27th day of November, 2023.

| PACIFIC LEGAL FOUNDATION | DAVIS WRIGHT TREMAINE LLP |
|---|---|
| *Attorneys for Plaintiff Joshua A. Diemert* | *Attorneys for Defendant The City of Seattle* |
| **Signature added per authority:** By   /s/ Laura M. D'Agostino | By   /s/ Darrah N. Hinton |
| Brian T. Hodges, WSBA #31976<br>1425 Broadway, Suite 429<br>Seattle, WA  98122<br>Telephone:  425.576.0484<br>Email:  bhodges@pacificlegal.org<br><br>Laura M. D'Agostino<br>Virginia Bar #91556<br>*Admitted Pro Hac Vice*<br>3100 Clarendon Boulevard, Suite 1000<br>Arlington, VA  22201<br>Telephone:  916.503.9010<br>Email:  ldagostino@pacificlegal.org | Sheehan Sullivan, WSBA #33189<br>Victoria M. Slade, WSBA 44597<br>Darrah N. Hinton, WSBA #53542<br>920 Fifth Avenue, Suite 3300<br>Seattle, WA  98104-1610<br>Telephone:  206.622.3150<br>Email:  sulls@dwt.com<br>Email:  vickyslade@dwt.com<br>Email:  darrahhinton@dwt.com |

Andrew R. Quinio
California Bar #288101
*Admitted Pro Hac Vice*
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: 916.419.7111
Email: aquinio@pacificlegal.org

**PROTECTIVE ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.  This Protective Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED: December 1, 2023.

Jamal N. Whitehead
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Western District of Washington on _____ [date] in the case of <u>Joshua A. Diemert v. The City of Seattle</u>, U.S.D.C., Western District of Washington, Case No. 2:22-cv-01640-JNW.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

DATED this \_\_\_\_\_ day of _____, 20\_\_\_\_.

_____
Signature