UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA A. DIEMERT,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF SEATTLE,<br><br>        Defendant. | CASE NO. 2:22-cv-1640<br><br>ORDER |

This matter comes before the Court on the parties' Local Civil Rule 37 joint submission regarding their ongoing discovery dispute about the proper scope of Plaintiff Joshua Diemert's discovery requests.[1] Dkt. No. 50.

## 1.  BACKGROUND

Diemert alleges Defendant City of Seattle discriminated against him and subjected him to a racially hostile-work environment because he is a white male. Diemert served the City with discovery requests seeking documents and

---

[1] The Court appreciates the parties' use of the District's expedited joint motion procedure and encourages more parties, when presenting discovery disputes, to use this option. *See* LCR 37(a)(2).

ORDER - 1

information from his former colleagues' personnel files. At issue are five requests that Diemert says drive at information that is "likely [to] corroborate [his] claims that the City engaged in a pattern and practice of discrimination against its employees," and that "will also provide useful comparator data for how [the City] treated non-white employees with respect to pay increases, career advancements, and other workplace conditions." Dkt. No. 50 at 1-2. The City argues the documents and information sought are irrelevant and not proportionate to the needs of the case. *Id.* at 2-3.

## 2.  DISCUSSION

### 2.1  Legal standard.

Because discrimination cases often require plaintiffs to prove their case through circumstantial evidence, courts have recognized the need for broad discovery. *Paananen v. Cellco P'ship*, No. C08-1042 RSM, 2009 WL 3327227, at *5 (W.D. Wash. Oct. 8, 2009) (collecting cases). Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A party can be compelled to produce documents and information, but the party seeking discovery must first establish that its requests are relevant. *Mi Familia Vota v. Hobbs*, 343 F.R.D. 71, 81 (D. Ariz. 2022). District courts have broad discretion in determining relevancy and managing discovery. *Avila v. Willits Env't. Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011); *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

**2.2   Request for Production No. 20.**

Diemert has requested records from the personnel files of over a dozen former co-workers and supervisors. Dkt. No. 50 at 4. Courts in this District often order the production of employee personnel files in employment discrimination cases, but they do so only after balancing the relevance and importance of the evidence in the context of the case against the privacy concerns of the individual whose file is sought. *See, e.g.*, *Lauer v. Longevity Med. Clinic PLLC,* No. C13-0860-JCC, 2014 WL 5471983, at *6 (W.D. Wash. Oct. 29, 2014). The personnel files of the individuals who are alleged to have "engaged in the discrimination or harassment at issue or played an important role in the employment decision or incident that gave rise to the lawsuit" are typically discoverable. *Karrani v. JetBlue Airways Corp.*, No. C18-1510 RSM, 2019 WL 2269817, at *3 (W.D. Wash. May 28, 2019) (internal quotation omitted).

Diemert alleges these individuals were directly or indirectly engaged in the discrimination or harassment at issue: Chaney Kilpatrick-Goodwill, Gloria Hatcher Mays, Jason Johnson, Javier Pulido, Shamsu Said, and Tina Inay. *See generally* Dkt. No. 11. Because Diemert alleges these individuals engaged in the discrimination giving rise to this lawsuit, the City must produce the "confidential and supervisor files" from their personnel files, or wherever they may be found, for each individual, excluding any personal or family medical or health related records. *See Webb v. Padilla*, No. CIV 08-0411 MV/LAM, 2009 U.S. Dist. LEXIS 154158, at *3 (D.N.M. Mar. 30, 2009) ("'[G]enerally an individual's personnel file is relevant . . . and therefore discoverable, if the individual is alleged to have engaged in the

ORDER - 3

retaliation or discrimination at issue or to have played an important role in the decision or incident that gives rise to the lawsuit.'") (quoting *Oglesby v. Hy-Vee, Inc.*, No. 04-2440-KHV, 2005 WL 857036, at *2 (D. Kan. April 13, 2005)).

The Court denies Diemert's personnel file requests for the remaining individuals identified in this request. Just because these employees may be called as witnesses or were involved on the periphery of this dispute does not justify production of their personnel files under these circumstances. *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 687 (D. Kan. 2000).

Diemert also seeks "[a]ll resumes, job applications, payroll records and documents reflecting pay raises, promotions, [and] demotions" for nearly 20 other employees. He argues this information presents "comparator evidence" and evidence of a "pattern and practice of discrimination." Dkt. No. 50 at 2. Diemert's arguments, however, blur the lines between several distinct legal concepts, none of which entitle him to the relief sought.

Comparator evidence is often the key in proving a disparate treatment employment discrimination case. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973) ("Especially relevant to [a showing of pretext] would be evidence that white employees involved in acts against [the employer] of comparable seriousness . . . were nevertheless retained or rehired."). The critical issue with comparative evidence, of course, is whether the comparisons are apt. Diemert says the comparison here is whether the City treated non-white employees more favorably "with respect to pay increases, career advancements, and other workplace conditions." Dkt. No. 50 at 2. But the Court previously dismissed some of Diemert's

ORDER - 4

claims premised on discrete acts of discrimination, like failure to promote, as time-barred, *see* Dkt. No. 28 at 12-14, and Diemert confirmed during oral argument that he pursues no pay equity claims. Thus, the Court is left with nothing but Diemert's assertions about relevance and no real basis for how the pay and promotion or demotion records sought matter in the context of his remaining claims. *Bush v. Pioneer Hum. Servs.*, No. C09-518 RSM, 2010 WL 11682489, at *5 (W.D. Wash. Jan. 8, 2010) ("In a sexual harassment case like the present one, on the other hand, there is no need to compare Plaintiff's specific circumstances with other employees, and therefore, much of the information contained in employee personnel files is not relevant.").

Diemert's attempt to acquire this information as pattern or practice evidence is similarly doomed. In a pattern-or-practice case, the plaintiff generally claims that the employer's disparate treatment of the plaintiff is part of the defendant's standard operating procedure of discrimination against members of the plaintiff's protected class. *See Cooper v. Fed. Rsrv. Bank*, 467 U.S. 867, 875-76 (1984) ("Proving isolated or sporadic discriminatory acts by the employer is insufficient to establish a prima facie case of a pattern or practice of discrimination; rather it must be established by a preponderance of the evidence that 'racial discrimination was the company's standard operating procedure[.]'"). But Diemert has no basis to argue that compensation, promotion, or demotion information related to other employees is relevant to his claims as explained above.

Finally, Diemert seeks information about complaints made by his former colleagues on various topics undergirding his theory of the case. Diemert doesn't say

ORDER - 5

it outright, but the information sought probably speaks to the totality of the circumstances, which courts must consider in harassment and hostile-work environment cases. *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81-82 (1998) ("The real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed," and that the court should consider "all the circumstances" surrounding the allegations.). The City would limit Diemert's request to complaints about "anti-white race discrimination," but evidence of race discrimination in general could be probative of racial animus towards whites and thus relevant here. *Desouza v. Velocity Express Leasing New, England, Inc.*, No. 3:07CV1508(RNC), 2009 WL 10689106, at *3 (D. Conn. Feb. 26, 2009) ("The plaintiff's complaint asserts that he was discriminated against on the basis of his race and retaliated against for complaining about discrimination. Claims alleging the same type of discrimination or retaliation can be relevant."). Whether such evidence is admissible at trial, is an entirely different inquiry.

Accordingly, the City must produce all "complaints" about racial discrimination, harassment, and/or retaliation "made about, to, or by" these employees: Jason Johnson, Shamsu Said, Trinh Nguyen, Tiffany Washington, Chaney Kilpatrick-Goodwill, Gloria Hatcher Mays, Tina Ng Ruddell, Tina Inay, Terry McLellan, Iris Guzman, Ron Mirabueno, Marc Mayo, Felicia Caldwell, Carlos Pulido, Javier Pulido.

**2.3   Request for Production No. 23.**

Request for Production No. 23 is like Request for Production No. 20 in that it also seeks documents related to complaints about racial harassment and discrimination in the workplace. Dkt. No. 50 at 11. The City must produce all documents concerning "complaints" from January 1, 2013, to September 30, 2021, made by or against Jason Johnson, Shamsu Said, Trinh Nguyen, Tiffany Washington, Chaney Kilpatrick-Goodwill, Gloria Hatcher Mays, Tina Ng Ruddell, Tina Inay, Terry McLellan, Iris Guzman, Ron Mirabueno, Marc Mayo, Felicia Caldwell, Carlos Pulido, Javier Pulido, Brandon Kuykendall, Steven Zwerin, and Edward Odom.

**2.4   Requests for Production No. 25, 46, and 47.**

Diemert's remaining requests relate to promotional and pay equity claims that have been dismissed or that he has since disavowed. *See* Dkt. No. 50 at 12-15. Accordingly, they are DENIED.

## 3.   CONCLUSION

In sum, Diemert's motion is GRANTED, in part, as follows:

3.1   The City must produce the "confidential and supervisor files" from their personnel files, or wherever they may be found, excluding any personal or family medical or health related records, for the following employees: Chaney Kilpatrick-Goodwill, Gloria Hatcher Mays, Jason Johnson, Javier Pulido, Shamsu Said, and Tina Inay.

3.2  The City must produce all "complaints" about racial discrimination, harassment, and/or retaliation "made about, to, or by" these employees: Jason Johnson, Shamsu Said, Trinh Nguyen, Tiffany Washington, Chaney Kilpatrick-Goodwill, Gloria Hatcher Mays, Tina Ng Ruddell, Tina Inay, Terry McLellan, Iris Guzman, Ron Mirabueno, Marc Mayo, Felicia Caldwell, Carlos Pulido, and Javier Pulido.

3.3  The City must produce all documents concerning "complaints" from January 1, 2013, to September 30, 2021, made by or against these employees: Jason Johnson, Shamsu Said, Trinh Nguyen, Tiffany Washington, Chaney Kilpatrick-Goodwill, Gloria Hatcher Mays, Tina Ng Ruddell, Tina Inay, Terry McLellan, Iris Guzman, Ron Mirabueno, Marc Mayo, Felicia Caldwell, Carlos Pulido, Javier Pulido, Brandon Kuykendall, Steven Zwerin, and Edward Odom.

3.4  Absent good cause or agreement between the parties, all documents must be produced within 21 days of this order. The City may produce all documents as CONFIDENTIAL. *See* Dkt. No. 36.

3.5  The Court will entertain a stipulated motion to adjust the case schedule as necessary.

3.5  Because the City was substantially justified in opposing the motion, the Court will not impose fees.

3.4  Except as GRANTED above, Diemert's motion to compel is DENIED.

Dated this 9th day of July, 2024.

ORDER - 8

Jamal N. Whitehead
United States District Judge

ORDER - 9