The Honorable Jamal Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA A. DIEMERT, an individual,<br><br>     Plaintiff,<br><br> v.<br><br>THE CITY OF SEATTLE, a municipal corporation,<br><br>     Defendant. | No. 2:22-CV-01640-JNW<br><br>**DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. EREC SMITH AND DEVON WESTHILL**<br><br>NOTING DATE:  September 13, 2024<br>**Oral Argument Requested** |

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY
OF DR. EREC SMITH AND DEVON WESTHILL
(Case 2:22-CV-01640-JNW)
4855-4189-4857v.6 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ........................................................................................................... 1

II. FACTS ........................................................................................................................... 2

    A.  Tim Wise is an expert on racial equity and will offer testimony that assists the jury in understanding the meaning of RSJI materials and their legitimacy. ........................................................................................................ 2

    B.  Devon Westhill is an attorney for conservative causes, has no relevant expertise, and intends to opine on the ultimate issue for the jury. ........................ 3

    C.  Erec Smith is a professor of rhetoric with no relevant expertise who intends to offer theories with no connection to the evidence or issues in the case. ............................................................................................................ 5

    D.  Neither expert effectively rebuts the key conclusions from Wise. ....................... 6

III. ARGUMENT ................................................................................................................... 6

    A.  Standard of review. ............................................................................................... 6

    B.  Plaintiffs' experts are not qualified by education or experience to opine on RSJI trainings. ................................................................................................. 6

        1.  Westhill is not qualified because he has minimal experience in civil rights and developed his relevant knowledge for purposes of testifying. ................................................................................................ 7

        2.  Smith is not qualified because he has no background in racial equity or any other relevant discipline. ..................................................... 9

    C.  Even if they were qualified, both experts should be excluded because their conclusions are not helpful to the trier of fact. ................................................... 10

    D.  Both experts improperly rely on a one-sided record. .......................................... 11

IV. CONCLUSION .............................................................................................................. 12

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY
OF DR. EREC SMITH AND DEVON WESTHILL - i
(Case 2:22-CV-01640-JNW)
4855-4189-4857v.6 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Avila v. Willits Envtl. Remediation Tr.*,
   633 F.3d 828 (9th Cir. 2011) ...................................................................................................7

*Cabrera v. Cordis Corp.*,
   134 F.3d 1418 (9th Cir. 1998) .................................................................................................9

*Cooper v. Brown*,
   510 F.3d 870 (9th Cir. 2007) ...................................................................................................6

*Daubert v. Merrell Dow Pharm., Inc.*,
   509 U.S. 579 (1993) ............................................................................................................6, 11

*Daubert v. Merrell Dow Pharms.*,
   43 F.3d 1311 (9th Cir. 1995) ...................................................................................................9

*Desrosiers v. Flight Int'l*,
   156 F.3d 952 (9th Cir. 1998) ...................................................................................................7

*Elosu v. Middlefork Ranch Inc.*,
   26 F.4th 1017 (9th Cir. 2022) ..................................................................................................7

*Est. of Barabin v. Asten Johnson, Inc.*,
   740 F.3d 457 (9th Cir. 2014), *overruled on other grounds by*
   *United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020) ..............................................................6

*Miller v. Likins*,
   109 Wn. App. 140 (2001) ......................................................................................................11

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*,
   523 F.3d 1051 (9th Cir. 2008) ...............................................................................................10

*Powell v. Anheuser-Busch Inc.*,
   2012 WL 12953439 (C.D. Cal. 2012) ...................................................................................11

*Rhine v. Buttigieg*,
   2022 WL 7729817 .................................................................................................................11

*Robroy Indus.-Tex., LLC v. Thomas & Betts Corp.*,
   2017 WL 1319553 (E.D. Tex. 2017) .....................................................................................11

*Samuels v. Holland Am. Line-USA, Inc.*,
   656 F.3d 948 (9th Cir. 2011) ...................................................................................................7

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY
OF DR. EREC SMITH AND DEVON WESTHILL - ii
(Case 2:22-CV-01640-JNW)
4855-4189-4857v.6 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Scott v. Ross*,
　140 F.3d 1275 (9th Cir. 1998) ...................................................................................................6

*Smith v. Pac. Bell Tel. Co.*,
　649 F. Supp. 2d 1073 (E.D. Cal. 2009)....................................................................................11

*Thomas v. Newton Int'l Enters.*,
　42 F.3d 1266 (9th Cir. 1994) ....................................................................................................7

*United States v. Alatorre*,
　222 F.3d 1098 (9th Cir. 2000) ..................................................................................................7

*United States v. Chang*,
　207 F.3d 1169 (9th Cir. 2000) ..................................................................................................7

*United States v. Duncan*,
　42 F.3d 97 (2d Cir. 1994).........................................................................................................10

*United States v. Jimenez-Chaidez*,
　96 F.4th 12574 (9th Cir. 2024) .................................................................................................7

*Wilson v. Muckala*,
　303 F.3d 1207 (10th Cir. 2002) ..............................................................................................10

**Rules**

Fed. R. Civ. P. 702...........................................................................................................................11

Fed. R. Evid.
　Rule 702....................................................................................................................................6
　Rule 704..................................................................................................................................10

Washington State Court Rules
　ER Rule 403..............................................................................................................................2
　ER Rule 702..........................................................................................................................2, 6

Rule 30(b)(6)...................................................................................................................................11

Rule 702(a).........................................................................................................................................7

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY
OF DR. EREC SMITH AND DEVON WESTHILL - iii
(Case 2:22-CV-01640-JNW)
4855-4189-4857v.6 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

This case is centered on Plaintiff's claim that trainings and other materials related to the City of Seattle's Race and Social Justice Initiative ("RSJI") exhibit racial animus and created a hostile work environment for him as a white man. To explain the methodologies behind and meaning of the RSJI trainings, the City has engaged Tim Wise. Wise is a nationally recognized expert in racial bias and institutional racial disparities. His experience includes decades of study and research, authoring several books, conducting hundreds of trainings, and making countless presentations on these subjects. Wise has reviewed RSJI materials and opined that they are rooted in social science and history, based on widely accepted theories, and do not convey the anti-white message that Plaintiff took from them and presents in this litigation.

Plaintiff designated two witnesses to rebut Wise: Devon Westhill and Dr. Erec Smith. Neither meets the standard to qualify to serve as an expert witness in this matter, and neither offers opinions that will effectively refute Wise's conclusions or otherwise help the jury in any way. Westhill is an attorney who currently serves as General Counsel and Vice President of the Center for Equal Opportunity, an organization that handles litigation and policy development intended to further its mission of advancing colorblindness as national policy. He has minimal education or experience in race or civil rights, and he intends to invade the province of the jury by opining that the RSJI materials are discriminatory and led to a hostile work environment in violation of Title VII.

Erec Smith has a Ph.D. in rhetoric, and his primary work experience has been teaching college students. He has no specialized training in race or ethnic studies, history, leadership, human resources, or any other relevant field, apart from two years he spent assisting the Provost on Diversity at a university nearly 20 years ago, during which time he concurrently held two other roles. Smith is also a professional advocate against DEI, both as a fellow of the libertarian thinktank the Cato Institute, and in his role on the boards of two organizations that actively oppose DEI, including through litigation. Smith opines that RSJI embraces ideologies that are based in Marxism and that RSJI is not only anti-white but intended to destroy capitalism. He

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY
OF DR. EREC SMITH AND DEVON WESTHILL - 1
(Case 2:22-CV-01640-JNW)
4855-4189-4857v.6 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

also speculates that the various ideologies he cites support conclusions about the motivations behind Plaintiff's coworkers who Smith claims, without a factual basis, "bullied" Plaintiff. Smith's musings are grounded in no relevant expertise and entirely untethered to the actual trainings that Plaintiff attended.

Finally, both Westhill and Smith base their opinions on a one-sided and incomplete record, resulting in reports that are replete with baseless assumptions and speculation.

Because neither Westhill nor Smith has any relevant qualifications or offers a well-founded expert opinion that would be helpful to the jury in responding to Wise, the Court should exclude both witnesses under ER 702 and ER 403.

## II.     FACTS

### A.     Tim Wise is an expert on racial equity and will offer testimony that assists the jury in understanding the meaning of RSJI materials and their legitimacy.

The City disclosed Tim Wise as an expert and produced his report on February 26, 2024. Declaration of Victoria Slade ("Slade Decl.") at ¶ 2, Ex. A ("Wise Report"). Wise is an educator, consultant, and author with nearly thirty years of experience specializing in racism, race relations, and institutional racial inequity. *Id.* at 9. Wise has been engaged in racial equity trainings for decades. Slade Decl. at ¶ 3, Ex. B ("Wise Dep.") at 111:5-112:1, 140:2-142:9. He is a nationally recognized scholar in critical race theory ("CRT"), systemic racism, white privilege and whiteness, among other topics. Wise Dep. at 223:1-11. In addition to personally attending trainings the same as or similar to those Plaintiff alleges are biased, Wise has also led similar trainings hundreds of times. Wise Dep. 40:6-56:6, 62:19-66:15, 160:6-8, and 166:6-13. He has also authored numerous books on the subject of race. Wise Report at 10.

Based on his significant experience and review of RSJI materials, Wise has concluded that "the RSJI's approach, methods, and materials are rooted in well-established analytical frameworks and social science literature, and mainstream anti-bias training practices." *Id.* at 33. Wise also puts the Plaintiff's cherry-picked lines from trainings or alleged conversations with others that were tied to RSJI trainings into context, by explaining the concepts behind the

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY
OF DR. EREC SMITH AND DEVON WESTHILL - 2
(Case 2:22-CV-01640-JNW)
4855-4189-4857v.6 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

trainings.  For example, Wise opines, "although the plaintiff may have perceived the RSJI as a racially hostile initiative. . . this conclusion is not supported by an honest assessment of the training materials, methods, analyses, or presentations to which the plaintiff was exposed."  Wise Report at 16-17.

Wise also explains the pedagogical bases behind aspects of RSJI to which Plaintiff objected.  For example, with regard to naming race, Wise explains that scholarly research suggests that "[color-conscious] approaches are more effective for rectifying disparities in substantive equal opportunity and treatment [than colorblind approaches].")  *Id.* at 17.  Wise also explains concepts such as white privilege and white supremacy culture as they are used in RSJI training and defined in social science, and he explains the rationale behind and learning advantages of affinity groups.  *Id.* at 17-19 (noting these concepts are based in history and systems and "are not racially-hostile to white people *as people*.").  He concludes, "[T]he methodologies and materials used by the RSJI are in keeping with some of the most commonly deployed approaches to this work, nationwide, for several decades, including discussions of white privilege, internalized superiority/inferiority, implicit bias, and white supremacy culture."  *Id.* at 38.

### B. Devon Westhill is an attorney for conservative causes, has no relevant expertise, and intends to opine on the ultimate issue for the jury.

After securing an extension to the deadline to identify rebuttal experts, on April 10, 2024, Plaintiffs disclosed two experts intended to rebut Wise's testimony:  Devon Westhill and Dr. Erec Smith.  Slade Decl. at ¶¶ 4-6, Ex. C, Ex. D ("Westhill Report"), Ex. E ("Smith Report").

Westhill graduated from the University of Florida College of Law in 2014.  Westhill Report at 38.  Westhill worked as a criminal trial lawyer for just over a year, prior to working as an attorney for the Federalist Society for Law and Public Policy Studies for two years.  *Id.* at 37.  While at the Federalist Society, Westhill worked as both a Liaison Representative and as the Attorney and Founding Director.  *Id.*  Westhill describes his duties there as regulatory in nature, creating groups of volunteer experts in diverse regulatory law and policy areas.  *Id.*

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY
OF DR. EREC SMITH AND DEVON WESTHILL - 3
(Case 2:22-CV-01640-JNW)
4855-4189-4857v.6 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Next, Westhill worked for the Department of Labor for one year. *Id.* at 35-36. In this role, Westhill again served as a conduit of information; his duties included managing community outreach and arranging for people like the Wage and Hour Administrator to present to a coalition group. Slade Decl. at ¶ 7, Ex. F ("Westhill Dep.") at 37:14-38:6, 39:24-40:11. Westhill's role did not involve the development of policies related to the Department's work. *Id.* at 41:2-4. Next, Westhill was appointed to the role of Deputy Assistant Secretary of the Civil Rights division at the Department of Agriculture, where he led a team that was responsible for enforcing federal civil rights laws, regulations, executive orders, and departmental policies and developing compliance and cultural training programs, among other duties. Westhill Report at 35-36. Again, this was a management role: Westhill admits he never investigated harassment complaints or discrimination complaints himself. Westhill Dep. at 49:8-10, 185:1-3. He also had no role in the actual drafting of any new antiharassment policies. *Id.* at 53:20-54:1. Westhill served in this role for approximately nine months. *Id.* at 109:10-13.

Westhill is currently employed as the President and General Counsel of the Center for Equal Opportunity ("CEO"). Westhill Report at 35. The mission of CEO is "to study, develop, and disseminate ideas that promote colorblind equal opportunity and nondiscrimination in America." *See* https://ceousa.org/mission-statement-purpose/. In this position, Westhill maintains his pattern of managing others but not engaging in policy work personally. Westhill Dep. at 67:21–25, 71:19–72:5. For example, Westhill identifies experts to prepare reports, but he does not actually author reports himself and has authored no reports while in his role at CEO. *Id.* at 71:19-72:5. Outside of his work experience, while Westhill has authored "opinion pieces" on colorblindness and considerations of race, he has not authored any peer-reviewed white papers or law review articles on this subject. *Id.* at 83:2-8. Westhill also volunteers his time with other conservative advocacy organizations, including serving on the Advisory Board for the Heritage Foundation's 2025 Presidential Transition Project, better known as Project 2025. Westhill Report at 35. Westhill's organization CEO has filed several amicus briefs in anti-DEI or anti-affirmative action cases, and he admits that if he was not serving as an expert witness in

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY
OF DR. EREC SMITH AND DEVON WESTHILL - 4
(Case 2:22-CV-01640-JNW)
4855-4189-4857v.6 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

this case, this would be the type of case in which CEO might file an amicus brief. Westhill Dep. at 87:7-16.

Westhill intends to offer conclusions that go directly to the legal issues in this case, purporting to opine that the RSJI trainings "offend civil rights law" and that "the hostile work environment that led to Mr. Diemert's resignation was a predictable consequence of racially discriminatory job training." Westhill Report at 5, 7.

### C.    Erec Smith is a professor of rhetoric with no relevant expertise who intends to offer theories with no connection to the evidence or issues in the case.

Erec Smith obtained his Ph.D. in English, with a concentration in language, literacy and rhetoric, from the University of Illinois at Chicago in 2003. Smith Report. at 2. In addition to his Ph.D., Smith holds master's and bachelor's degrees in English. *Id.* In his career as an educator, Smith taught only rhetoric or writing; he has never taught a class about race. *Id.;* Slade Decl. at ¶8, Ex. F ("Smith Dep.") at 23:17-19.

In 2019, Smith pivoted from academia to policy. He became a moderator and then a writing fellow for Heterodox. Smith Report at 42. Since 2020, Dr. Smith has served on the Board of Advisors for two anti-DEI organizations, Counterweight and the Foundation Against Intolerance and Racism ("FAIR"). *Id.* at 42. Counterweight provides support and negotiation assistance for employees challenging their employer's DEI programs. Smith Dep. at 43:4-10. FAIR opposes DEI programs in workplaces and schools and has filed impact litigation challenging such programs. Smith Dep. at 40:13-42:7. Since 2023, Smith has served as a Research Fellow at the Cato Institute, where he focuses on "deliberation as a way of getting points across and [] selling your ideas in the marketplace of ideas," communication, and civil discourse. Smith Dep. at 33:21-23, 34:3-7.

Smith opines that theories he claims underlie RSJI are Marxist and anti-Capitalist, and gave rise to alleged workplace bullying against Plaintiff. Smith Report at 13-22. His opinions are not based on specific trainings Plaintiff attended, and he admits that whether Plaintiff actually reviewed the materials he critiques is irrelevant. Smith Dep. at 71:2-73:13.

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY
OF DR. EREC SMITH AND DEVON WESTHILL - 5
(Case 2:22-CV-01640-JNW)
4855-4189-4857v.6 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**D.     Neither expert effectively rebuts the key conclusions from Wise.**

Although purportedly offered to rebut the opinions of Wise, neither Smith nor Westhill does so.  Indeed, both experts admit that the trainings Plaintiff attended through the RSJI have mainstream acceptance and are grounded in social science.  For example, Westhill stated, "[I]'m not trying to refute Tim Wise's point that the RSJI is rooted in social science research."  Westhill Dep. at 122:19-123:16.  And Smith admits RSJI materials are widespread and commonly accepted.  Smith Dep. at 73:23-74:21.

### III.     ARGUMENT

**A.     Standard of review.**

Expert opinion must satisfy the requirements of Rule 702, *i.e.*,

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.  The Court performs a "gatekeeping" function to ensure that these requirements are met.  *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).  "Expert testimony [must] be both relevant and reliable.'"  *Est. of Barabin v. Asten Johnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (citation & internal quotation marks omitted), *overruled on other grounds by United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020).  Testimony is relevant if "the evidence will assist the trier of fact to understand or determine a fact in issue."  *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007).  For reliability, a court must assess "whether an expert's testimony has 'a reliable basis in the knowledge and experience of the relevant discipline.'"  *Est. of Barabin*, 740 F.3d at 463 (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999)).  The party seeking to introduce expert testimony bears the burden of proving admissibility. *Id.*

**B.     Plaintiffs' experts are not qualified by education or experience to opine on RSJI trainings.**

In order for Westhill and Smith to testify as experts, this Court must find them qualified, *Scott v. Ross*, 140 F.3d 1275, 1285–86 (9th Cir. 1998), and possessing "specialized knowledge."

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY
OF DR. EREC SMITH AND DEVON WESTHILL - 6
(Case 2:22-CV-01640-JNW)
4855-4189-4857v.6 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Rule 702(a). A court may exclude an expert's testimony if the expert does not have sufficient education in his area of alleged expertise. *See, e.g.*, *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 839 (9th Cir. 2011); *Desrosiers v. Flight Int'l*, 156 F.3d 952, 961-62 (9th Cir. 1998) (excluding expert's report because he did not attend aviation accident reconstruction school until after completing his report and had no formal training in aircraft accident investigation).

Training and experience may qualify someone as an expert, but that experience must be substantial. *See, e.g.*, *United States v. Jimenez-Chaidez*, 96 F.4th 1257, 126364 (9th Cir. 2024) (qualifying as an expert an agent who had thirty years of experience working for Border Patrol and Homeland Security); *Elosu v. Middlefork Ranch Inc.,* 26 F.4th 1017, 1029 (9th Cir. 2022) (qualifying as an expert a Fire and Arson Investigator who had twenty-two years of experience); *United States v. Alatorre*, 222 F.3d 1098, 1104 (9th Cir. 2000) (qualifying as an expert an agent who had twelve years of specialized experience); *Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1269 (9th Cir. 1994) (qualifying as an expert a longshore worker with twenty-nine years of experience). Even if a proffered expert has some professional degrees or other training and experience, an expert must "stay[] within the reasonable confines of his subject area." *Avila*, 633 F.3d. at 839. *See also United States v. Chang*, 207 F.3d 1169, 1172-73 (9th Cir. 2000) (proffered expert's experience in international finance did not make him qualified to testify about counterfeit documents). *See also Samuels v. Holland Am. Line-USA, Inc.*, 656 F.3d 948, 952-53 (9th Cir. 2011) (striking testimony of two experts offering opinions beyond scope of experience).

1. **Westhill is not qualified because he has minimal experience in civil rights and developed his relevant knowledge for purposes of testifying.**

Westhill is an attorney with no pertinent education or experience on which to base his opinions. He has no certifications or degrees in the study of race and ethnicity, sociology, or history, and has taken no classes on human resources or on managing personnel. Westhill Dep. at 19:6-20:11. He admits he is "not an expert in critical race theory," does not have expertise "that allows [him] to opine as to the intentions behind racial equity training at the City of

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY
OF DR. EREC SMITH AND DEVON WESTHILL - 7
(Case 2:22-CV-01640-JNW)
4855-4189-4857v.6 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Seattle," and is not an expert in the theories and materials he identifies as being at the root of RSJI. *Id.* at 82:6, 108:6-14, and 111:12-20. Instead, Westhill states that he is basing his alleged expert opinion off of "the plain language of [the City's RSJI] materials," and "the plain language of [critical race theory] materials." *Id.* at 107:18-21, 111:12-23, and 112:11-16. Westhill further admits he read Wise's report from the perspective of a "reasonable person." *Id.* at 177:10-16.

Westhill also does not qualify as an expert on the basis of his work experience. Unlike the extensive experience courts have sufficient to qualify someone as an expert, Westhill has only briefly held positions that are, at best, tangentially related to the topics of his report. Westhill has no experience evaluating workplace training materials, and minimal exposure to employment law. Westhill Dep. at 20:12-24; 109:16-110:2. His experience is primarily working in management roles for conservative advocacy organizations like the Federalist Society and the Center for Equal Opportunity. Westhill claims that his experience at the Federalist Society is relevant because he maintained working groups on a variety of topics, including labor and employment and civil rights. *Id*. at 70:16-21, 23:12–16. However, Westhill did not actually write any of the papers published by the working groups—he performed exclusively supervisory and management functions. *Id.* at 31:14–32:10. Westhill's only exposure to employment law, and the sole basis for his oft-repeated description of himself as a "former federal civil rights official," is his nine-month stint at the Department of Agriculture, during which he was again in a management role. This is patently insufficient to establish him as an expert.

Westhill also cannot claim he developed expertise by evaluating the RSJI training materials and conducting legal research. As an initial matter, this is not true: in preparing his opinions in this case, Westhill relied on the support of a team of inexperienced lawyers with no civil rights expertise. Westhill Dep. at 89:23–90:18, 91:4-16, and 99:8-14 (explaining that his team, consisting of a legal fellow immediately out of law school and two associate-level attorneys with no particular experience in civil rights or employment law performed a significant

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY
OF DR. EREC SMITH AND DEVON WESTHILL - 8
(Case 2:22-CV-01640-JNW)
4855-4189-4857v.6 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

amount of the work on the report). Westhill also conducted minimal research, instead relying significantly on an ABA journal article about affinity groups. *Id.* at 154:23-155:5.

Moreover, even if Westhill had studied employment law for the purposes of preparing his report, courts do not accept experts who developed the cited "expertise" solely for the purposes of the litigation at hand. *See Daubert v. Merrell Dow Pharms.*, 43 F.3d 1311, 1317 (9th Cir. 1995) (identifying whether experts "developed their opinions expressly for purposes of testifying" as a "very significant" factor in the analysis); *Cabrera v. Cordis Corp.*, 134 F.3d 1418, 1422 (9th Cir. 1998) (excluding expert who "'developed [his] opinions expressly for the purpose of testifying.'") (citation omitted). Because any alleged relevant expertise Westhill has was only developed to support his advocacy for the Plaintiff's position in this case, the Court should exclude him.

        2.    **Smith is not qualified because he has no background in racial equity or any other relevant discipline.**

Smith also lacks sufficient educational or professional experience to opine as an expert on the City's RSJI. Smith is not a scholar of race, but rather a scholar of rhetoric. Smith Report at 2. All of Smith's educational background is focused on English, literature, and rhetoric. *Id.* While Smith has taken some classes on African-American literature and theory, and taught a class on African-American literature he described as "basically first year composition," he has little to no education or training in human resources, sociology, history, or psychology. Smith Dep. at 16:20–17:7, 19: 22–23, 18:9–11, 16:12–16, 18:15–19, and 19:7–8. Smith did hold one position tangentially related to racial equity, when he served as Special Assistant to the Provost on Diversity at Drew University for two years, from approximately 2006-2008. Smith Dep. at 19:34-2012. In that role, Smith conducted diversity trainings, workshops, and talks on racial dynamics in America, based on materials he created based on "various research." *Id.* at 20:13-21:3 (also noting that he no longer has his materials). This was not Smith's primary role—he simultaneously held two other positions, and he estimates that he spent a third of his time on this diversity work. *Id.* at 22:3-16.

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY
OF DR. EREC SMITH AND DEVON WESTHILL - 9
(Case 2:22-CV-01640-JNW)
4855-4189-4857v.6 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Smith has never published an article about workplace dynamics, and he admits he is not an expert on workplace behavior. Smith Report at 43-50, Smith Dep. at 124:9-11. Without specific education or work experience that give Smith a scientific basis on which to base his opinions, Smith cannot be considered a qualified expert in this case.

### C. Even if they were qualified, both experts should be excluded because their conclusions are not helpful to the trier of fact.

The "touchstone" of admissibility of expert testimony is its helpfulness to the trier of fact. *Wilson v. Muckala*, 303 F.3d 1207, 1219 (10th Cir. 2002).

Westhill's opinions are not helpful to the jury because they go to the ultimate issue. Even if qualified, an expert is properly excluded if the expert's opinion invades the province of the jury. Fed. R. Evid. 704, Advisory Committee Note (1972); *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994). Westhill intends to offer an opinion that various aspects of the RSJI discriminated against white people in violation of Title VII. The law does not permit Westhill to usurp the role of the jury in this manner. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (Although "[a]n opinion is not objectionable just because it embraces an ultimate issue," *see* Fed. R. Evid. 704(a), "an expert witness cannot give an opinion as to [a] legal conclusion, i.e., an opinion on an ultimate issue of law.").

Smith's opinions are unhelpful in a different way, in that that they are entirely irrelevant and wildly speculative. First, he cites a handful of other legal cases brought by white plaintiffs regarding DEI programs and opines that there is a "discursive pattern" in common with this case, which he opines reflects "a concerted effort across American institutions." Smith Report at 4. He then embarks upon a lengthy exploration of what he calls "Critical Social Justice," a theory which he contends is behind critical race education and will inexorably lead to the "eradication of capitalism." *Id.* at 11. He uses this philosophical predicate to offer speculative explanations for the behavior of Diemert's colleagues. *See, e.g., id.* at 21 ("We have here a clue into the motivations for Diemert's bullying: he was that low-hanging fruit."). Finally, Smith opines that the alleged mistreatment Plaintiff faced "aligns with bullying tactics typically employed to deal

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY
OF DR. EREC SMITH AND DEVON WESTHILL - 10
(Case 2:22-CV-01640-JNW)
4855-4189-4857v.6 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

with 'problematic' employees," a theory he bases on a leadership article he read. *Id.* at 22. Notably, Smith does not opine on the actual trainings Plaintiff attended. Smith's opinions are unhelpful and should be excluded.

### D. Both experts improperly rely on a one-sided record.

Expert testimony must be "based on sufficient fact or data." Fed. R. Evid. 702(b). A "subjective, conclusory approach cannot reasonably be assessed for reliability and is plainly insufficient under *Daubert*." *Rhine v. Buttigieg*, 2022 WL 7729817, at *4 (W.D. Wash. Sept. 15, 2022) (citation omitted). Moreover, an expert may not simply parrot a party's allegations and theories. *See id.* It is not "proper to use an expert witness simply to summarize the evidence proffered by the party that hired him." *Robroy Indus.-Tex., LLC v. Thomas & Betts Corp.*, 2017 WL 1319553, at *9-10 (E.D. Tex. Apr. 10, 2017). Courts therefore routinely exclude expert opinions based on incomplete facts. *See, e.g.*, *Miller v. Likins*, 109 Wn. App. 140 (2001); *Smith v. Pac. Bell Tel. Co.*, 649 F. Supp. 2d 1073, 1096–97 (E.D. Cal. 2009); *Powell v. Anheuser-Busch Inc.*, 2012 WL 12953439, at *7 (C.D. Cal. Sept. 24, 2012) ("Reliance on incomplete facts and data will make an expert's opinion unreliable because an expert must know 'of facts which enable him to express a reasonably accurate conclusion.'").

Here, both experts' factual foundations are riddled with holes. For example, Smith assumed statements were made to Plaintiff that are not supported by the evidence. Smith Dep. at 94:18-96:2. He also makes sweeping conclusions with no factual basis. *Id*. at 91:22-103:4 (failing to provide concrete facts to support a number of theories, including that Plaintiff's coworkers "weaponized . . . white supremacy factors" and "bullied" him, and said he was "not a team player"). Westhill similarly failed to gather the materials that would be necessary for an impartial review, and instead simply reviewed the materials Plaintiff's counsel provided him, including the complaint, RSJI training materials, and correspondence sent by Plaintiff. Westhill Dep. at 97:20-102:22. Neither expert reviewed the City's Answer or the depositions of City HR employees or the City's Rule 30(b)(6) witness on topics pertaining to the RSJI. *Id.* at 102:14-

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY
OF DR. EREC SMITH AND DEVON WESTHILL - 11
(Case 2:22-CV-01640-JNW)
4855-4189-4857v.6 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

104:12; Smith 68:20-71:1.  And, like Smith, Westhill admits he does not know what trainings Plaintiff actually attended at the City.  *Id.* at 104:3-105:3.

## IV.   CONCLUSION

Based on the notable lack of relevant education or experience, one-sided review of evidence, and rampant speculation, it is clear that Plaintiff's rebuttal experts were not retained based upon their ability to assist the trier of fact—instead, they were retained in order to lend the veneer of expertise to what is essentially legal and political argument.  Westhill and Smith are not even remotely qualified to rebut the testimony of nationally recognized expert Tim Wise, and the testimony they intend to offer is unreliable and unhelpful to the jury.  The City therefore respectfully requests that the Court exclude both witnesses.

DATED this 16th day of August, 2024.

*I certify that this Motion contains 4,183 words, in compliance with the Local Civil Rules.*

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Defendant The City of Seattle*

By   */s/ Victoria M. Slade*
Sheehan Sullivan, WSBA #33189
Victoria M. Slade, WSBA 44597
Darrah N. Hinton, WSBA #53542
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone:  206.622.3150
Fax:  206.757.7700
sulls@dwt.com
vickyslade@dwt.com
darrahhinton@dwt.com

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. EREC SMITH AND DEVON WESTHILL - 12
(Case 2:22-CV-01640-JNW)
4855-4189-4857v.6 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the document to which this Certificate of Service is attached to be served in the manner as indicated below:

| | |
|---|---|
| **PACIFIC LEGAL FOUNDATION**<br>*Attorneys for Plaintiff:* | ☐ Via Legal Messenger |
| | ☐ Via U.S. Mail, postage prepaid |
| **Wesley P. Hottot, WSBA #47539**<br>1425 Broadway, Suite 429<br>Seattle, WA 98122<br>Telephone: 425.576.0484<br>whottot@pacificlegal.org | ☐ Via Federal Express |
| | ☐ Via Facsimile |
| Additional Email Address for Service:<br>Brien P. Bartels, Legal Secretary<br>bbartels@pacificlegal.org | ☒ **Via Electronic Mail, per the Electronic Service Agreement** |
| **Laura M. D'Agostino, Virginia Bar #91556**<br>*Admitted Pro Hac Vice*<br>3100 Clarendon Boulevard, Suite 1000<br>Arlington, VA 22201<br>Telephone: 916.503.9010<br>ldagostino@pacificlegal.org | ☒ **Via CM/ECF** |

**Andrew R. Quinio, California Bar #288101**
*Admitted Pro Hac Vice*
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: 916.419.7111
aquinio@pacificlegal.org

**Erin E. Wilcox, California Bar #337427**
*Admitted Pro Hac Vice*
555 Capital Mall, Suite 1290
Sacramento, CA 95814
Telephone: 916.419.7111
ewilcox@pacificlegal.org

**Nicholas J. DeBenedetto**
**New Jersey Bar #382442021**
*Admitted Pro Hac Vice*
3100 Clarendon Blvd, Suite 1000
Arlington, VA 22201
Telephone: 916.419.7111
NDeBenedetto@pacificlegal.org

///

///

///

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. EREC SMITH AND DEVON WESTHILL - 13
(Case 2:22-CV-01640-JNW)
4855-4189-4857v.6 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Declared under penalty of perjury under the laws of the State of Washington.

DATED at Renton, Washington this 16th day of August, 2024.

*/s/ Greta Nelson*
Greta Nelson, Legal Assistant
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone:  206.622.3150
gretanelson@dwt.com

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY
OF DR. EREC SMITH AND DEVON WESTHILL - 14
(Case 2:22-CV-01640-JNW)
4855-4189-4857v.6 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax