THE HONORABLE JAMAL WHITEHEAD

1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
8                                   AT SEATTLE

9    JOSHUA A. DIEMERT, an individual,

10                        Plaintiff,                    No. 2:22-CV-01640-JNW

11          v.                                          **REPLY IN SUPPORT OF
                                                        DEFENDANT'S MOTION FOR
12   THE CITY OF SEATTLE, a municipal                   SUMMARY JUDGMENT**
     corporation,
13                                                      NOTING DATE:  September 13, 2024
                          Defendant.                    **Oral Argument Requested**
14

15

16

17

18

19

20

21

22

23

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................................1

II.   STATEMENT OF FACTS .....................................................................................2

    A.    Plaintiff experienced no adverse actions, including when he failed to meet RSJI goals. ....................................................................................................2

    B.    Materials from the RSJI trainings Plaintiff attended and testimony regarding the mission of the RSJI reflect a lack of discriminatory intent.............................3

    C.    The City's Motion demonstrated its significant efforts to support and protect Plaintiff, and the Opposition fails to call the City's evidence into question...........4

    D.    The alleged "frequent racial comments" Plaintiff cites conflict with his deposition testimony. ...................................................................................5

    E.    Motion to strike hearsay and unauthenticated documents. .......................................5

III.  ARGUMENT ........................................................................................................6

    A.    The Court should disregard allegations that are not supported by citations to the record and evidence that Plaintiff does not specifically reference....................6

    B.    Plaintiff's hostile work environment claim is deficient, and Plaintiff cannot save it by pulling in third-party complaints or comments that he was unaware of during his employment. ......................................................................................7

        1.    Plaintiff has entirely failed to refute evidence and case law demonstrating RSJI trainings do not constitute harassment. ..................7

        2.    Non-RSJI allegations of "racial comments" cannot defeat summary judgment. ........................................................................................8

        3.    Most specific allegations are barred and lack any anchor to the statutory time period. ................................................................................8

        4.    Third-party allegations or events Plaintiff did not witness are insufficient to establish his claim.............................................................9

        5.    Plaintiff cannot show alleged harassment was severe and pervasive or that it was imputed to the City..........................................................10

    C.    Plaintiffs' retaliation and disparate treatment claims fail because he experienced no adverse action and was not constructively discharged. ................11

    D.    Plaintiff cannot create an issue of fact on his Equal Protection claim because he cannot dispute the City's evidence of the non-discriminatory intent behind the RSJI. ..................................................................................................12

IV.   CONCLUSION...................................................................................................12

REPLY IN SUPPORT OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT- i
(Case 2:22-CV-01640-JNW)
4861-0911-5107v.3 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

## TABLE OF AUTHORITIES

2
                                                                                                **Page(s)**

3
**Federal Cases**

4   *Brooks v. City of San Mateo*,
5       229 F.3d 917 (9th Cir. 2000) ...................................................................................11

6   *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047 (9th Cir. 2011) ...................6

7   *Carmen v. San Francisco Unified Sch. Dist.*,
        237 F.3d 1026 (9th Cir. 2001) .................................................................................7

8   *Carter-Miller v. Washington*,
9       No. C07-1825RAJ, 2008 WL 11343455 (W.D. Wash. Aug. 7, 2008) .....................................7

10  *Celotex Corp. v. Catrett*,
        477 U.S. 317 (1986)..............................................................................................6
11

12  *Forsberg v. Pac. Nw. Bell Tel. Co.*,
        840 F.2d 1409 (9th Cir. 1988) .................................................................................7

13  *Hansen v. United States*,
14      7 F.3d 137 (9th Cir. 1993) ................................................................................6, 8

15  *Jackson v. United Parcel Serv., Inc.*,
        548 F.3d 1137 (8th Cir. 2008) ...............................................................................11
16

17  *McIntire v. Housing Authority of Snohomish Cnty.*,
        No. C22-1757-MLP, 2024 WL 1832952 (W.D. Wash. Apr. 26, 2024) .................................8

18  *Michael Hughes v. Louis Dejoy*,
19      No. C21-906-RSL, 2024 WL 3936012 (W.D. Wash. Aug. 26, 2024) ............................6, 11

20  *Muldrow v. St. Louis*,
        601 U.S. ---, 144 S. Ct. 967 (2024).........................................................................11
21

22  *Orr v. Bank of America*,
        285 F.3d 764 (9th Cir. 2002) ...................................................................................6

23  *Reynaga v. Roseburg Forest Prod.*,
24      847 F.3d 678 (9th Cir. 2017) .................................................................................10

25  *Silbaugh v. Buttigieg*,
        No. C17-1759RSM, 2021 WL 3565431 (W.D. Wash. Aug. 12, 2021)..................................11
26

27  *Steiner v. Showboat Operating Co.*,
        25 F.3d 1459 (9th Cir. 1994) .................................................................................10

REPLY IN SUPPORT OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT- ii
(Case 2:22-CV-01640-JNW)
4861-0911-5107v.3 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Vitt v. City of Cincinnati*,
   250 F. Supp. 2d 885 (S.D. Ohio 2002), aff'd, 97 F. App'x 634 (6th Cir. 2004) ....................10

*Wallis v. JR Simplot Co.*,
   26 F.3d 885 (9th Cir. 1994) ................................................................................................6

**State Cases**

*Antonius v. King Cty.*,
   153 Wn.2d 256 (2004) .......................................................................................................8

*Cox v. Oasis Physical Therapy*,
   153 Wn. App. 176 (2009) ..................................................................................................9

*Crownover v. State ex. Rel Dept. of Transportation*,
   165 Wn. App. 131 (2011) ..................................................................................................9

**Federal Statutes**

42 U.S.C. § 2000e *et seq.* (Title VII) ...........................................................................2, 11, 12

**Rules**

Fed. R. Civ. P. 56(e) ...........................................................................................................6

Fed. R. Evid. 901(a) ............................................................................................................6

REPLY IN SUPPORT OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT- iii
(Case 2:22-CV-01640-JNW)
4861-0911-5107v.3 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# I.    INTRODUCTION

In its Motion for Summary Judgment ("Motion"), the City presented evidence refuting Plaintiff's allegations and demonstrating that it is entitled to summary judgment under relevant legal authority.  In his Opposition to the Motion ("Opposition"), Plaintiff relies on sweeping conclusions that the work environment at the City was hostile.  His statements in many cases lack factual citation, are so vague as to preclude a response, and conflict with his prior testimony. He attaches batches of unauthenticated documents, the vast majority of which—like most of the allegations in Plaintiff's declaration—are not cited anywhere in the Opposition brief.  The Court should not consider materials that are not expressly cited in the brief, and it should grant the City's motion to strike hearsay and unauthenticated materials, embedded herein.

Viewing the admissible, cited evidence in the light most favorable to the Plaintiff, it remains clear following Plaintiff's submission that summary judgment for the City is proper on all claims.  Numerous courts have ruled that trainings on matters like those addressed in RSJI related to systemic racism, white privilege, and similar concepts do not constitute discrimination, and Plaintiff has failed to distinguish those holdings.  Plaintiff's allegations of racial comments outside of RSJI trainings consist of conclusory statements and speculation.  The actual evidence reflects extremely few interactions that a reasonable person would find discriminatory, and of those, nearly all occurred in 2017 or earlier.  In contrast, during the limitations period, Plaintiff's primary concern was his dispute with Shamsu Said, which was indisputably prompted by Plaintiff's ethics concerns.  Moreover, even considering Plaintiff's stale allegations, he cannot impute any harassment to the City.  In short, Plaintiff's hostile work environment claim is fundamentally flawed and should be dismissed.

Plaintiff's disparate treatment and retaliation claims fail because Plaintiff did not experience any adverse action.  He was not terminated, demoted, disciplined, or rated below satisfactory on his performance evaluations, despite his failure to meet the goal of attending two RSJI trainings or events per year.  The City also did not deny Plaintiff the ability to form an affinity group—Plaintiff dropped this request.  The City has also refuted Plaintiff's claims that it

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

denied him FMLA, that his manager treated him differently after his EEOC charge, or that the City failed to support him. On the contrary, the City showed it responded to Plaintiff's concerns, conducting a full and unbiased investigation into his complaint. Finally, the City has demonstrated that, if anything, it protected Plaintiff—when others raised concerns about his hateful emails or social media posts, it refrained from disciplining or investigating him.

There also is simply no evidence that would permit a jury to find that Plaintiff was constructively discharged, not only in light of the lack of negative actions against him, but also because Plaintiff had moved to another state and planned to quit if he could not work remotely. Nor is there truth to Plaintiff's suggestion that the RSJI prevented him from working remotely due to his race; when he resigned, Plaintiff had a pending accommodation request and had been invited to submit an alternative work arrangement request.

Plaintiff's hostile work environment, discrimination, and retaliation claims under Title VII and the WLAD are fatally deficient and should be dismissed. Because Plaintiff's Equal Protection claim rises and falls with his Title VII claims, Defendant respectfully requests that the Court dismiss his Constitutional claim as well.

## II.    STATEMENT OF FACTS

### A.    Plaintiff experienced no adverse actions, including when he failed to meet RSJI goals.

Although Plaintiff cites various perceived slights, it is undisputed that the City never took any material action against him that impacted the terms of his employment. He remained in the same position for most of his employment,[1] and the City did not modify his duties or his pay, change his title, or issue any form of disciplinary action. Nor can Plaintiff dispute that the City never penalized him for his failure to attend two RSJI trainings or activities per year, or his attacks on coworkers.

---

[1] The only exception is when he was in a lead position, and the Court has already dismissed allegations pertaining to this claim.

REPLY IN SUPPORT OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT- 2
(Case 2:22-CV-01640-JNW)
4861-0911-5107v.3 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Plaintiff's claim that the City required more than the three required RSJI trainings referenced in the Motion is demonstrably false.  The City showed that an employee could meet the RSJI requirement through participation in other social justice work, not just race-related, and it showed that the City advised Plaintiff of this option.  Motion at 11-12.  The City also demonstrated that Plaintiff had the option of proposing outside trainings if he was not satisfied with City offerings.  *Id*.  Plaintiff undisputedly failed to do so.  He also pointed to no other specific training or RSJI event that he was required to attend, or its contents.

### B.    Materials from the RSJI trainings Plaintiff attended and testimony regarding the mission of the RSJI reflect a lack of discriminatory intent.

In its Motion, the City demonstrated that the intent of the RSJI is to advance racial equity, not to subjugate the interests of white people.  In addition to testimony from a City representative, the City submitted the materials used in the three required trainings, which showed the intent was to educate employees and "create an environment that is fair and inclusive for all people."  *Id*. at 8-11.  The training evidence shows these classes did not diminish white people *as people*, but instead focused on systems of oppression.  *Id*. at 9-11.  The topics included in the RSJI are consistent with the mainstream accepted pedagogy around teaching antiracism at institutions.  *Id*.

In his Opposition, Plaintiff does not engage on the materials from the trainings he attended.  Instead, he attaches dozens of pages of documents of unclear origin, simply arguing that they are "types of material regularly disseminated" that the City required him to view.  D'Agostino Decl. at Ex. 6.  There is no evidence that the City subjected Plaintiff to these materials, as opposed to Plaintiff searching for them himself, during or after his employment.  For example, Exhibit A to his First Amended Complaint, which Plaintiff cites for the notion that the City told him to "Center People of Color" or "De-Center Whiteness" and "prioritize the leadership" of BIPOC participants, reflects that it was offered as part of the "**P-Patch Community Gardening Anti-racism Learning Library**," presented by a third-party antiracism

REPLY IN SUPPORT OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT- 3
(Case 2:22-CV-01640-JNW)
4861-0911-5107v.3 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

consultant, and promoted through the City's Department of Neighborhoods. In other words, this had absolutely nothing to do with Plaintiff's employment.

In addition to materials he found through personal searches and records requests, Plaintiff relies heavily on the argument that his coworkers or managers "harassed" him by telling him some version of the statement, it is impossible to be racist against white people. Opposition at 3-4, 7. He loosely argues that he was "repeatedly" told this, but fails to provide dates, specific language used, the identities of the speaker, or other details. Previously, Plaintiff alleged he heard this once from Gloria Hatcher Mays in 2017, and another unspecified time by former HSD Interim Director Jason Johnson. Johnson denies making this statement. Declaration of Victoria Slade in Support of Defendant's Reply in Support of Defendant's Motion for Summary Judgment ("Slade Reply Decl." at Ex. A (Johnson Dep. at 36:12-14)). Even if he had, however, Plaintiff misconstrues it—Johnson, who is himself white, testified that white people are protected from discrimination under City policy. *Id*. at 47:11-48:1.

Plaintiff's misinterpretation of the comment from Johnson is consistent with his broader misapprehension of the concepts taught in RSJI. To the extent this comment was made, it should be viewed in context, which demonstrates that the intention was not to suggest that white people are not protected from discrimination, but to understand how systemic racism differs from individual bias. Dkt. 66 at Ex. A (Wise Report) at 43-44 (explaining that the definition of racism as "prejudice plus power" reflects a CRT-based understanding that "people of color cannot be racist since they largely lack institutional and structural power in American society.").

**C.** **The City's Motion demonstrated its significant efforts to support and protect Plaintiff, and the Opposition fails to call the City's evidence into question.**

The record does not support Plaintiff's assertion that he was mistreated because of his views or that he received worse treatment than non-white employees. The unrefuted evidence shows that the City responded to his concerns and supported him in numerous ways. These included moving Shamsu Said after Plaintiff complained in 2020 and referring Plaintiff's ethics concerns for investigation; explaining and ultimately excusing him from the RSJI requirement

REPLY IN SUPPORT OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT- 4
(Case 2:22-CV-01640-JNW)
4861-0911-5107v.3 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

following his inquiry; providing guidance on how to request approval for an affinity group; failing to discipline for his refusal to participate in RSJI, for his derogatory social media posts, or his aggressive communication with Ed Odom; and investigating his concerns, and even bifurcating its investigation after Plaintiff alleged (without evidence) that the investigator was biased.[2]  Regarding the investigation, Plaintiff argues it was inadequate, but he has not pointed to anything else that either investigator should have considered, or how that would have changed the outcome.  He does not dispute the investigator's findings with regard to the interactions he did identify pertaining to Pulido and Budner.

### D.    The alleged "frequent racial comments" Plaintiff cites conflict with his deposition testimony.

The City asked Plaintiff in his deposition to identify all instances where he alleges individuals at the City made racial comments to him.  Dkt. 59 at Ex. A ("Plaintiff's Dep. Vol 1") at 262:14-264:3.  After saying that providing details was "impossible," Plaintiff offered two names:  Said and "Cassie," whose surname he could not recall.  *Id*.  He did not describe what Cassie said and could not provide an approximate date or year when she made these comments.  *Id*.  Plaintiff's counsel attempted to expand this testimony, but even with assistance, Plaintiff could not identify names, dates, specific comments, or other details regarding alleged discriminatory comments.  Slade Reply Decl. at Ex. B ("Supplemental Pages from Plaintiff Dep. Vol 1") at 331:20-333:2; 334:21-336:3.

### E.    Motion to strike hearsay and unauthenticated documents.

Plaintiff broadly claims that HSD was replete with complaints of discrimination, denial of access to trainings, and racially discriminatory conduct.  He cites documents attached as Exhibit 6 to the D'Agostino Declaration, identified as "the types of materials regularly disseminated within the workplace," without citing their origin, or when, how, or to whom they were distributed.  Plaintiff also attaches various emails or memoranda in support of his allegation

---

[2] There is no evidence that Kuykendall was biased.  The reference to communicating with Plaintiff "like another white guy" (Opposition at 6) refers to notes from Kuykendall's interview with Plaintiff's union representative, Shaun van Eyk.  Nor does Plaintiff demonstrate bias by suggesting the investigation was closed—this hearsay statement proves nothing.

REPLY IN SUPPORT OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT- 5
(Case 2:22-CV-01640-JNW)
4861-0911-5107v.3 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

that other employees experienced discrimination, and a declaration from a former City employee.

D'Agostino Decl. at Ex. 19-22, 34.  These are out of court statements offered for the truth of the

matter asserted.  Finally, Plaintiff relies on a stack of documents purporting to be "complaints of

discrimination occurring within [HSD]."  *Id*. at Ex. 36. These are not authenticated and are also

offered for the truth of the matter asserted.

A trial court can only consider admissible evidence in ruling on a motion for summary

judgment.  *See* Fed. R. Civ. P. 56(e).  Authentication is a "condition precedent to admissibility,"

and this condition is satisfied by "evidence sufficient to support a finding that the matter in

question is what its proponent claims."  Fed. R. Evid. 901(a).  The Ninth Circuit has "repeatedly

held that unauthenticated documents cannot be considered in a motion for summary judgment."

*Orr  v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002).  Nor may the Court consider

inadmissible hearsay submitted with an opposition.  *Id*.  The City therefore requests that the

Court strike Exhibits 6, 19-22, 34, and 36 to the D'Agostino Declaration.

## III.    ARGUMENT

To defeat a motion for summary judgment, the nonmoving party must designate "specific

facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324

(1986).  This means he must make more than conclusory allegations, speculations or

argumentative assertions.  *Wallis v. JR Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994).  He cannot

rely on conclusory allegations unsupported by factual data to create an issue of material fact.

*Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).  If the nonmovant alleges facts, he

must do so in sufficient detail to permit an assessment of the allegations.  *Cafasso, U.S. ex rel. v.

Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011).

**A.    The Court should disregard allegations that are not supported by citations to
the record and evidence that Plaintiff does not specifically reference.**

An opposition to a motion for summary judgment must contain "appropriate citations to

the record": it is not the Court's job to "comb the record to find some reason to deny a motion for

summary judgment."  *Michael Hughes v. Louis Dejoy*, No. C21-906-RSL, 2024 WL 3936012, at

REPLY IN SUPPORT OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT- 6
(Case 2:22-CV-01640-JNW)
4861-0911-5107v.3 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*1 (W.D. Wash. Aug. 26, 2024) (citing *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001)).  In deciding a motion for summary judgment, it is proper for the District Court to "limit its review to the documents submitted for the purposes of summary judgment and those parts of the record specifically referenced therein." *Carmen*, 237 F.3d at 1030, 1031 (the court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found"). *Carter-Miller v. Washington*, No. C07-1825RAJ, 2008 WL 11343455, at *1–2 (W.D. Wash. Aug. 7, 2008) ("Plaintiff apparently expects the court to cull through nearly 100 pages of declaration testimony without her assistance in the hope that the court will happen upon evidence sufficient to defeat summary judgment.  Plaintiff's hope is misplaced"); *Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1417-18 (9th Cir. 1988).

Plaintiff's Opposition, although accompanied by two declarations and hundreds of pages of exhibits, fails to cite to specific parts of the record.  The Court should reject statements lacking a specific citation; it should decline to pore through Plaintiff's submission to identify evidence supporting his allegations.  To the extent Plaintiff attached materials without specifically citing them in his brief, the Court should disregard them.

**B.    Plaintiff's hostile work environment claim is deficient, and Plaintiff cannot save it by pulling in third-party complaints or comments that he was unaware of during his employment.**

The RSJI materials do not constitute harassment under the law, and Plaintiff's other allegations are insufficient to carry his claim.

**1.    Plaintiff has entirely failed to refute evidence and case law demonstrating RSJI trainings do not constitute harassment.**

The crux of Plaintiff's case is his allegation that RSJI trainings are inherently racist.  It is therefore surprising that Plaintiff fails to even attempt to distinguish the numerous decisions from courts around the country, demonstrating that trainings like the RSJI do not constitute discrimination.  Motion at 22-23 (citing seven cases dealing with the issue of whether trainings derived from CRT constitute discrimination).  Nor does Plaintiff argue that the materials from

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1  the trainings he actually attended contain messaging that contravene his position.  The Court

2  should take this silence as a concession.  Plaintiff has not offered a single case in which racial

3  equity training created a hostile work environment, or offered anything other than his personal

4  opinion to support his theory that commonly used racial justice concepts are discriminatory.  The

5  Court should reject all allegations pertaining to RSJI trainings or materials.

6  
          **2.**        **Non-RSJI allegations of "racial comments" cannot defeat summary**

7                          **judgment.**

8         In his Opposition, Plaintiff repeatedly argues that he was exposed to racist commentary

9  and allegedly offensive material was normalized.  He declines to provide any detail for most of

10  these allegations, arguing instead that he heard "pejorative" comments on a near-daily basis, or

11  that he was exposed to "relentless racial harassment" or "anti-white insults [and] jokes."

12  Opposition at 2, 12-13.  These statements conflict with Plaintiff's deposition testimony.

13  *McIntire v. Housing Authority of Snohomish Cnty.*, No. C22-1757-MLP, 2024 WL 1832952, at

14  *6 (W.D. Wash. Apr. 26, 2024) ("Without any effort to explain these discrepancies, [Plaintiff]

15  cannot create an issue of fact by an affidavit contracting [his] prior deposition testimony.")

16  (internal punctuation omitted) (citing *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th

17  Cir. 1991)).  Further, Plaintiff's statements are conclusory and cannot defeat summary judgment.

18  *Hansen*, 7 F.3d at 138.  This is especially true because Plaintiff's perspective on race

19  demonstrates that his views on what constitutes "discriminatory" is not reasonable.  Motion at

20  26.  To carry his claim, Plaintiff must specifically describe allegedly harassing conduct in a

21  manner that allows a factfinder to assess it.  The few comments Plaintiff does detail are

22  insufficient to demonstrate a hostile work environment.

23  
          **3.**        **Most specific allegations are barred and lack any anchor to the**

24                          **statutory time period.**

25         Plaintiff cannot rely on untimely allegations unless they are sufficiently connected to the

26  timely allegations as to constitute a single employment practice.  *Antonius v. King Cty.*, 153

27  Wn.2d 256, 261 (2004).  This means the conduct involves the same perpetrators, or it continued

REPLY IN SUPPORT OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT- 8
(Case 2:22-CV-01640-JNW)
4861-0911-5107v.3 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

consistently through the relevant time period, without intervening action by the employer. *Crownover v. State ex. Rel Dept. of Transportation*, 165 Wn. App. 131, 144 (2011); *Cox v. Oasis Physical Therapy*, 153 Wn. App. 176 (2009).

Most of Plaintiff's specific harassment allegations are from 2017 or earlier, including allegations that a manager asked him what a straight white man could offer the department, that he caught a coworker denying benefits to a white applicant, and that Tina Inay told him to step down from a lead role because he was denying a spot for a BIPOC candidate. This also includes alleged statements by Johnson and Hatcher-Mays that it is impossible to be racist towards a white person.

In contrast, during the limitations period, Plaintiff focuses on Shamsu Said, who he erroneously claims was his manager. *See* Supplemental Pages from Plaintiff Dep. Vol 1 at 283:16-285:1 (affirming Said had no authority to discipline him and did not complete his appraisals). Plaintiff claims Said made racial comments to him in 2020. It is undisputed, however, that they had a dispute over Plaintiff reporting Said for having family members on the Utility Discount Program, which triggered their negative interactions. These differences distinguish the Said allegations from Plaintiff's racial complaints from 2017 and earlier. The only other specific allegations Plaintiff makes during the limitations period relate to his retaliation claims.

Plaintiff has not tried to argue that there is a sufficient connection between the events he describes to demonstrate that all of his allegations should be considered, and he has not cited a single case to support this theory. Because the more recent events involve different personnel and different types of complaints than the older allegations, events before late 2019 should not be considered.

### 4.    Third-party allegations or events Plaintiff did not witness are insufficient to establish his claim.

Lacking evidence that he experienced harassment, Plaintiff relies on interactions that he did not observe or third party complaints. As referenced above, these documents are

1    inadmissible, and in any event the Court should not have to scour the record looking for evidence

2    to support Plaintiff's conclusions.  Other comments are also insufficient because Plaintiff did not

3    personally experience them.  This includes allegations from Jennifer Yost, who reports

4    experiencing discrimination in a different division of HSD; a group chat that Chaney Kilpatrick-

5    Goodwill was on where someone other than Goodwill made a comment about white people that

6    Plaintiff finds offensive; allegations that white people were excluded from a training for BIPOC

7    employees that Plaintiff admits he never attempted to attend, and private communications

8    between two employees who Plaintiff claims made threatening comments about him, but where

9    Plaintiff reports no interactions with these individuals and did not learn about statements until

10   after he resigned.

11              5.      **Plaintiff cannot show alleged harassment was severe and pervasive or**
12                      **that it was imputed to the City.**

13           Plaintiff has failed to show that any alleged racial comments he is able to specifically

14   recall are sufficient to meet the high standard for a hostile work environment claim.  Plaintiff

15   unpersuasively attempts to distinguish *Vitt v. City of Cincinnati*, 250 F. Supp. 2d 885, 890 (S.D.

16   Ohio 2002), aff'd, 97 F. App'x 634 (6th Cir. 2004) by asserting there was no system that

17   "centers race" like he claims the RSJI does.  Yet, as mentioned above, he fails to respond to case

18   law that expressly focuses on training programs like RSJI.  Instead, he cites harassment cases

19   that only underscore the severity that is required for such a claim, demonstrating that Plaintiff's

20   allegations are insufficient.  *See Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1463 (9th Cir.

21   1994) (manager called Plaintiff "dumb fucking broad," "cunt," and "fucking cunt"); *Reynaga v.*

22   *Roseburg Forest Prod.*, 847 F.3d 678, 687–88 (9th Cir. 2017) (manager used racial epithets and

23   said, "I'm a true believe [sic] that we should close the borders to keep motherf* * *ers like you

24   from coming up here and killing our elk.").

25           Finally, to the extent Plaintiff asserts new conduct in his Opposition that he feels created

26   a hostile work environment, this fails because it is not imputed to the City.  For liability to attach

27   for coworker conduct, the employer must be on notice of the conduct and fail to take sufficient

REPLY IN SUPPORT OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT- 10
(Case 2:22-CV-01640-JNW)
4861-0911-5107v.3 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

remedial action.  *Silbaugh v. Buttigieg*, No. C17-1759RSM, 2021 WL 3565431, at *7 (W.D. Wash. Aug. 12, 2021).  Here, Plaintiff raised some specific complaints in his EEOC charge, including comments by PISAB trainers, and the City investigated them.[3]  Plaintiff does not specifically allege any harassing conduct after his EEOC charge.  And for all his focus on Said, Plaintiff admits he had no further issues with Said after he initially reported him.  Motion at 18.

### C.    Plaintiffs' retaliation and disparate treatment claims fail because he experienced no adverse action and was not constructively discharged.

Under Title VII, Plaintiff must show "some harm respecting an identifiable term or condition of employment."  *Muldrow v. St. Louis*, 601 U.S. ---, 144 S. Ct. 967, 974 (2024).  For his retaliation claim, Plaintiff must demonstrate he experienced an adverse event that "would deter reasonable employees from complaining" about discrimination.  *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000).  Plaintiff argues that the City failed to conduct an adequate investigation, that it gave preferential treatment to Said and Odom,[4] and that it failed to authorize his affinity group.  None of these, even if true, impacted his terms or conditions of employment.  Nor does his allegation that a technical error on his FMLA constitutes an adverse action.  There was no harm to Plaintiff from this mistake—he was able to take all the FMLA time that he needed, with no adverse consequence.  *See Jackson v. United Parcel Serv., Inc.*, 548 F.3d 1137, 1142 (8th Cir. 2008) (initial disqualification decision was "no more than a mere inconvenience" and does not give rise to an actionable claim for discrimination).  Moreover, Plaintiff cannot point to any evidence to suggest someone who was similarly situated received different treatment or that a discriminatory or retaliatory motive was at play.  *Hughes*, 2024 WL 3936012 at *7.

Regarding his constructive discharge claim, the evidence already reflects that the vast majority of Plaintiff's concerns arose long before his resignation.  His last RSJI training was in 2019.  Nearly all of the alleged interpersonal harassment he claims he experienced was in 2017

---

[3] Plaintiff's complaint to his union representative does not constitute a complaint to the City.
[4] It is unclear what Plaintiff is referring to with this argument.  Odom complained about Plaintiff, not vice versa. And there is no parallel between Plaintiff's situation and Said's that invites comparison.

REPLY IN SUPPORT OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT- 11
(Case 2:22-CV-01640-JNW)
4861-0911-5107v.3 0002348-000031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1  or earlier.  Plaintiff had made a complaint in 2020 but does not report any racial harassment that

2  occurred thereafter.  The record is clear that the reason Plaintiff resigned was because he no

3  longer lived in Seattle and did not wish to return to in-office work, which was on the verge of

4  being required at the time Plaintiff resigned.

5      **D.**    **Plaintiff cannot create an issue of fact on his Equal Protection claim because he cannot dispute the City's evidence of the non-discriminatory intent behind the RSJI.**

7      The core of an Equal Protection claim is intentional discrimination.  Here, Plaintiff

8  brazenly misrepresents the record in arguing that RSJI has no legitimate purpose.  And while he

9  argues that RSJI impacted white people differently than others, such a disparate impact does not

10  constitute *intentional* discrimination.[5]  Here, there is abundant evidence of the City's legitimate

11  purpose behind the RSJI.  Plaintiff's inability to comprehend that purpose does not invalidate it.

12  There is no evidence of intentional discrimination, or any other element that Plaintiff must show

13  for his discrimination claims, and so the Court should dismiss this claim.

14      **IV.**    **CONCLUSION**

15      For the foregoing reasons, the Court should dismiss all claims with prejudice.

16      DATED this 13th day of September, 2024.

*I certify that this Reply contains 4,177 words, in compliance with the Local Civil Rules.*

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Defendant The City of Seattle*

By   /s/ Victoria M. Slade
    Sheehan Sullivan, WSBA #33189
    Victoria M. Slade, WSBA 44597
    Darrah N. Hinton, WSBA #53542
    920 Fifth Avenue, Suite 3300
    Seattle, WA  98104-1610
    Telephone:  206.622.3150
    Fax:  206.757.7700
    sulls@dwt.com
    vickyslade@dwt.com
    darrahhinton@dwt.com

---

[5] Plaintiff also cites the incorrect legal standard when he asks for a compelling reason for the City's action: the Equal Protection analysis in an employment case mirrors the analysis under Title VII.  Motion at 20.

REPLY IN SUPPORT OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT- 12
(Case 2:22-CV-01640-JNW)
4861-0911-5107v.3 0002348-000031

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that I caused a true and correct copy of the document to which this

3   Certificate of Service is attached to be served in the manner as indicated below:

4      **PACIFIC LEGAL FOUNDATION**                    ☐ Via Legal Messenger
        *Attorneys for Plaintiff:*
5                                                       ☐ Via U.S. Mail, postage
        **Wesley P. Hottot, WSBA #47539**              prepaid
6       1425 Broadway, Suite 429
        Seattle, WA  98122                              ☐ Via Federal Express
7       Telephone:  425.576.0484
        whottot@pacificlegal.org                        ☐ Via Facsimile
8
             Additional Email Address for Service:      ☒ **Via Email, per the**
9            Brien P. Bartels, Legal Secretary          **Electronic Service Agreement**
             bbartels@pacificlegal.org
10                                                      ☒ **Via CM/ECF**
        **Laura M. D'Agostino, Virginia Bar #91556**
11      *Admitted Pro Hac Vice*
        3100 Clarendon Boulevard, Suite 1000
12      Arlington, VA  22201
        Telephone:  916.503.9010
13      ldagostino@pacificlegal.org

14      **Andrew R. Quinio, California Bar #288101**
        *Admitted Pro Hac Vice*
15      555 Capitol Mall, Suite 1290
        Sacramento, CA  95814
16      Telephone:  916.419.7111
        aquinio@pacificlegal.org
17
        **Erin E. Wilcox, California Bar #337427**
18      *Admitted Pro Hac Vice*
        555 Capital Mall, Suite 1290
19      Sacramento, CA  95814
        Telephone:  916.419.7111
20      ewilcox@pacificlegal.org

21      Declared under penalty of perjury under the laws of the State of Washington.

22      DATED at Renton, Washington this 13th day of September, 2024.

23

24                                    */s/ Greta Nelson*
                                      Greta Nelson, Legal Assistant
25                                    DAVIS WRIGHT TREMAINE LLP
                                      920 Fifth Avenue, Suite 3300
26                                    Seattle, WA  98104-1610
                                      Telephone:  206.622.3150
27                                    gretanelson@dwt.com

REPLY IN SUPPORT OF DEFENDANT'S MOTION                          Davis Wright Tremaine LLP
FOR SUMMARY JUDGMENT- 13                                        LAW OFFICES
(Case 2:22-CV-01640-JNW)                                        920 Fifth Avenue, Suite 3300
4861-0911-5107v.3 0002348-000031                                Seattle, WA  98104-1610
                                                                206.622.3150 main · 206.757.7700 fax